**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**ELIZABETH SPIVEY-JOHNSON,**

        **Plaintiff,**

  vs.                                            **Case No. 05-C-80**

**DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
DARLENE HOWARD,
and PAMELA HINES,**

        **Defendants.**

---

**DECISION AND ORDER**

---

This matter arises out of plaintiff Elizabeth Spivey-Johnson's ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, dissatisfaction with the defendants' response to three accusations[1] which she lodged with the Office of Civil Rights ("OCR") of the United States Department of Health and Human Services ("H&HS").[2] In her original complaint, Spivey-Johnson named as defendants Darlene Howard ("Howard") and Pamela Hines ("Hines"), H&HS employees who worked in the OCR. On January 23, 2006, Spivey-Johnson filed an

---

[1] For the purpose of clarity, these matters are referred to as "accusations" throughout this decision to differentiate them from the original and amended complaints filed in this action.

[2] Pursuant to the dictates of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, ("HIPAA"), which addresses issues regarding the national health care and health insurance system, the H&HS promulgated a rule ("the Privacy Rule") protecting all individually identifiable health information held or transmitted by a covered entity or its business associate in any form or media. *See* 45 C.F.R. § 164.502. The H&HS has designated the OCR to enforce the Privacy Rule. *See* 65 Fed. Reg. 82472 (Dec. 28, 2000).

amended complaint, also naming the H&HS as a defendant. Spivey-Johnson seeks leave to proceed on her fourth amended pro se request for *in forma pauperis* status in this action.[3] Also pending is an amended request for appointment of counsel. These matters will be addressed herein.

## *AMENDED COMPLAINT*

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend a complaint once as a matter of course, any time before a responsive pleading is filed. However, when a plaintiff attempts to amend her complaint to assert claims against additional defendants, she must obtain leave of the court. *See Moore v. Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). Though no formal leave was requested by Spivey-Johnson, the Court construes her January 23, 2006, amended complaint, which seeks to add H&HS as a defendant, in part as a motion for leave to file an amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a):

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

---

[3]Spivey-Johnson's original and amended complaints state that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that her complaints are true and signing both documents, Spivey-Johnson has verified her complaints pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in her complaints, which comply with the requirements of Fed. R. Civ. P. 56(e), are considered as if they were made in an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court should not allow a plaintiff to amend her complaint when to do so would be futile. *Id.* An amendment is futile when it would not survive a motion to dismiss. *Moore*, 999 F.2d at 1128. In the present case, Spivey-Johnson's claims against the H&HS would not survive a motion to dismiss because they are barred by sovereign immunity.

Absent a waiver, sovereign immunity shields the United States and its agencies from suit for damages. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (stating that sovereign immunity shields United States from suit); the Administrative Procedure Act, 5 U.S.C. § 702, (the"APA"); *see generally Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) (implicitly forbidding suits for damages by providing an exception for injunctive relief). While there are several limited exceptions to sovereign immunity,[4] those exceptions are not applicable to any potential claims against the H&HS. Therefore, Spivey-Johnson's motion to amend her complaint to add the H&HS as a defendant would be futile and is denied. Thus, the Court will review her request for leave to proceed *in forma pauperis* with respect to her original complaint.

---

[4] There are presently four categories of exceptions to sovereign immunity: the APA; the Federal Tort Claims Act, 28 U.S.C. § 2671-80 (the "FTCA"); the Tucker Act, 28 U.S.C. § 1491; and the "sue-and-be-sued" provisions in various federal statutes chartering government entities. *See* Erwin Chemerinsky, *Federal Jurisdiction* at 614 (4th ed. 2003). Since the APA only affords injunctive relief, it does not apply in this action for money damages. The FTCA allows plaintiffs to bring tort actions against the United States for tortious actions of its employees, see generally 28 U.S.C. § 2674. However, the scenario set forth by Spivey-Johnson does not present an arguable tort claim. Since the Tucker Act provides redress for claims based on an express or implied contract with the United States, it is not applicable because no express or implied contract underlies this action. The fourth exception too is inapplicable, because the relevant statutes governing H&HS do not include any sue-and-be-sued provisions. Furthermore, the Court's research discloses that the courts which have addressed whether HIPAA creates a private cause of action, either express or implied, have concluded that it does not. *See Johnson v. Quander*, 370 F. Supp. 2d 79, 99 (D.D.C. 2005); *Munoz v. Island Fin. Corp.*, 364 F. Supp. 2d 131, 136 (D.P.R. 2005); *Univ. of Colo. Hosp. Auth. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1145-46 (D. Colo. 2004); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176, 1179-80 (D. Wyo. 2001). *See also Gaul v. Hughes Pharmacy Serv., Inc.*, No. C04-2088-LRR, 2005 WL 1491216, at *3 (N.D. Iowa June 23, 2005); *Rigaud v. Garofalo*, 2005 WL 1030196 (E.D. Pa. May 2, 2005); *Johnson v. Parker Hughes Clinics*, 2005 WL 102968 (D. Minn. Jan.15, 2005).

***Leave to Proceed In Forma Pauperis***

In considering Spivey-Johnson's request to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

After having twice concluded that Spivey-Johnson had not demonstrated an inability to pay the $150.00 filing fee for her actions, the Court revisited the issue and concluded that, based on changed circumstances, Spivey-Johnson had shown that she was unable to pay the costs associated with filing her action. *See Spivey-Johnson v. WE Energies*, Case No. 05-C-51, slip op. at 4 (E.D. Wis. July 17, 2005). The Court relies upon those changed circumstances and concludes, that for the purposes of paying the filing fee, Spivey-Johnson is indigent – though, as the Court previously explained, it is a close call. *See id.*

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis and asks whether Spivey-Johnson's action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). "District courts must construe pro se pleadings liberally, . . . The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

Section §1915(e)(2)(B)(ii) of Title 28 of the United States Code "provides that a district court must dismiss the case of a plaintiff proceeding in forma pauperis if the action fails to state a claim on which relief may be granted." *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *Id.* at 612. "All that is required is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Leatherman v. Tarrant County Narc. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993)). "A complaint should be dismissed for failure to state a claim only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *DeWalt*, 224 F.3d at 612 (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)) (citations and internal quotation marks omitted).

Considering Spivey-Johnson's factual allegations as true and drawing all reasonable inferences in her favor, this Court must now determine whether Spivey-Johnson has stated an arguable claim for relief under federal and/or state law. *See DeWalt*, 224 F.3d at 612. Spivey-Johnson's claims in her original complaint are essentially the same as those of her amended complaint, with the exception of naming the H&HS as a defendant. The original complaint indicates that the H&HS failed to investigate her three accusations. Four letters from the H&HS OCR to Spivey-Johnson, attached to her original complaint, provide additional information. A letter dated September 22, 2004, signed by Hines for Howard, acknowledges correspondence that

–5–

the H&HS OCR received from Spivey-Johnson. The letter lists three "transaction" numbers and indicates that the OCR is reviewing the matters to determine whether it has jurisdiction.

A letter dated September 23, 2004, with the reference number 04-28223,[5] signed by Howard, responds to Spivey-Johnson's accusation that the State of Wisconsin Disability Determination Bureau violated federal standards for the privacy of individually identifiable information by working with WE Energies and Concentra to delay or deny Spivey-Johnson's long-term and Social Security disability benefits. The letter indicates that even if substantiated, Spivey-Johnson's accusations would not violate the Privacy Rule, which does not regulate or establish requirements for the eligibility of disability benefits. Therefore, the letter continued, the file on Spivey-Johnson's accusation was being closed.

A September 24, 2004, letter referencing transaction number 04-28225, signed by Howard responds to Spivey-Johnson's accusation that Concentra and three of its employees violated the Privacy Rule by calling Spivey-Johnson and telling her that WE Energies disclosed to Concentra that Spivey-Johnson had a restraining order against her husband. The letter states that even if substantiated, Spivey-Johnson's accusation would not violate the Privacy Rule because it does not regulate the type of disclosure alleged.

A September 29, 2004, letter to Spivey-Johnson, referencing transaction number 04-28229, signed by Howard, responds to Spivey-Johnson's accusation that WE Energies and one of its employees violated the Privacy Rule by disclosing to Spivey-Johnson that she had a restraining order against her husband. The letter states that even if fully substantiated, Spivey-

---

[5]The digits of the "transaction" numbers are identical to those of the "reference" numbers.

Johnson's accusations would not violate the Privacy Rule because the disclosure did not involve protected health information.

Spivey Johnson does not specify whether she intends to prosecute this action against Howard and Hines in their official or individual capacities. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Given the nature of Spivey-Johnson's allegations, the Court will consider the complaint as being brought against them in both capacities. *Id*. at 1372-74.

### *I. Official Capacity*

A "suit against federal officers in their official capacity . . . is a suit against the United States." *Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Such suits are barred under the doctrine of sovereign immunity, unless such immunity is waived. *FDIC*, 510 U.S. at 484; *See also Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (recognizing that a suit against a federal official in his or her official capacity is a suit against the United States); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1987) (the "United States and its officers in pursuit of their official duties remain protected [from *Bivens* claims] by sovereign immunity.") Thus, Spivey-Johnson will not be allowed to proceed against Howard or Hines in their official capacities.

### *II. Individual Capacity*

However, sovereign immunity would not bar a claim against Howard and Hines in their individual capacities. A plaintiff who alleges that a federal officer violated her constitutional rights may have an implied cause of action against that official in her individual capacity. *See generally Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*,

403 U.S. 388 (1971) (holding that a victim of a Fourth Amendment violation may bring an action for money damages against officers in federal court).[6] A *Bivens* suit "establish[es] an action against the employee to avoid the sovereign immunity that would block an action against the United States, and thus would block an official-capacity action too." *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).

The Fifth Amendment due process clause of the United States Constitution states: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The protections of the due process clause include a procedural component, which addresses the extent of process which must be afforded before an individual may be deprived of life, liberty, or property. *See Matthews v. Eldridge*, 425 U.S. 319, 333 (1976).

Construed liberally, Spivey-Johnson may allege a deprivation of her Fifth Amendment right to procedural due process related to Howard's and Hines's investigation of her accusations that private information[7] was improperly disclosed and that her application for disability benefits was delayed.[8] Significantly, a *Bivens* action alleging a violation of the Due

---

[6] "The most important distinction between a constitutional claim filed under *Bivens* and a claim filed under the FTCA is simply that in order to assert a claim in a *Bivens* action, there must be a constitutional violation at issue." *Del Raine v. Williford*, 32 F.3d 1024, 1043 (7th Cir. 1994).

[7] The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment, *See Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), though its contours continue to be refined, see *Denius v. Dunlap*, 209 F.3d 944, 956 (7th Cir. 2000). Since the Defendants are federal, rather than state, employees, any privacy interest would be afforded by the Fifth Amendment.

[8] Under HIPAA "covered entities" (health plans, health care clearinghouses, and health care providers who transmit any health information in electronic form in connection with a transaction covered by the regulations) are prohibited from using or disclosing an individual's "protected health information" ("PHI"). The definition of PHI is "individually identifiable health information" maintained in or transmitted in any form or media including electronic media – except as otherwise provided by the Rule. *See* 45 C.F.R. § 160.103 (defining "covered entities" and "protected health information"). PHI includes information created or received by a covered entity that concerns the "past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual" and identifies the individual or where there is a reasonable basis to believe that the information can be used to identify the individual. *Id.*; 42 U.S.C. § 1320d(6)(2005). The use and disclosure of PHI is governed by the

Process Clause of the Fifth Amendment may be appropriate in some contexts, but not in others. *FDIC*, 510 U.S. at 484 n.7 (comparing *Davis v. Passman*, 442 U.S. 228, 248-249 (1979) (implying *Bivens* action under the equal protection component of the Due Process Clause in the context of alleged gender discrimination in employment), with *Schweiker v. Chilicky*, 487 U.S. at 429 (refusing to imply Bivens action for alleged due process violations in the denial of Social Security disability benefits on the ground that a damages remedy was not included in the elaborate remedial scheme devised by Congress)). In 30 years of *Bivens* jurisprudence, the Supreme Court has extended its holding "only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001). "So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability." *Id*.

Regardless of whether Spivey-Johnson has alleged an arguable *Bivens*-type procedural due process claim against Howard and Hines, any such claim raises the jurisdictional doctrine of "standing." The doctrine focuses on the qualifications of the party bringing the suit and inquires "whether the litigant is entitled to have the court decide on the merits of the dispute or of particular issues." *Frank Rosenberg, Inc. v. Tazewell County*, 882 F.2d 1165, 1168 (7th Cir. 1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish standing, a party must establish three elements: (1) personal injury, (2) fairly traceable to the defendant's allegedly

Privacy Rule, 45 C.F.R. § 164.502.

unlawful conduct, and (3) likely to be redressed by the requested relief. *Frank Rosenberg, Inc.*, 882 F.2d at 1168 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also, Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). If the plaintiff lacks standing, then there is no "case or controversy" as required by Article III of the Constitution and the federal courts therefore lack jurisdiction. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000).

In *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993), the court dismissed a similar case, brought under 42 U.S.C. § 1983, for lack of standing. The plaintiff, dissatisfied with the investigation of grievances he filed against his ex-wife's lawyer, sued the state bar association, its employees, and members of its professional responsibility commission. *Id.* at 1562. The appellate court identified the "core assertion" of the complaint for damages: that the plaintiff was unconstitutionally deprived of the intended results of his grievances. In other words, the plaintiff wanted to have a lawyer disciplined or at least greatly inconvenienced. *Id.* at 1566. The court found that the state disciplinary commission acted in a prosecutorial capacity and, therefore, had full discretion over the course and extent of its investigation, and the sole discretion to file (or not file) a complaint against a lawyer. *Id.* The court held that the plaintiff "had no more standing to insert himself substantively into a license-based system than he has to compel the issuance of a license." *Id.* at 1567. In holding that the plaintiff lacked standing, the court analogized the discretion of the disciplinary commission to that of prosecutor in a criminal proceeding. *Id.* at 1566-67.

In the instant case, the Privacy Rule vests similar prosecutorial discretion in the H&HS OCR and its employees. The relevant Code of Federal Regulations provision gives the

H&HS, and by extension, the H&HS OCR broad discretion in the investigation of a claim. A person has a right to file a complaint with the Secretary of the H&HS (the "Secretary") if she thinks her health privacy has been violated. *See* 45 C.F.R. § 160.306(a) (2005). Once this complaint is filed, however, the Code states only that the Secretary "*may* investigate." 45 C.F.R. § 160.306(c)(2005) (emphasis added). The Secretary may also terminate an investigation at her discretion: "If, after an investigation . . . the Secretary determines that further action is not warranted, the Secretary will so inform the . . . complainant in writing." 45 C.F.R. § 160.312(b) (2005).

Similar to the plaintiff in *Doyle*, Spivey-Johnson is dissatisfied with the actions of an agency, the OCR, in processing her accusations. Because the H&HS exercises complete discretion, akin to that of a prosecutor, in investigating violations of alleged disclosure of protected health information, Spivey-Johnson lacks standing to bring any procedural due process claim against Howard and Hines. *See Frank Rosenberg, Inc.*, 882 F.2d at 1168; *Doyle*, 998 F.2d at 1566-67.

In light of the foregoing, Spivey-Johnson's action is dismissed for lack of jurisdiction because she does not have standing to bring any implied *Bivens* cause of action alleging a Fifth Amendment procedural due process violation. Therefore, Spivey-Johnson's request for leave to proceed *in forma pauperis* in this action is dismissed. Further, Spivey-Johnson's amended motion for appointment of counsel is dismissed for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Spivey-Johnson's motion to amend her complaint is **DENIED**;

Spivey-Johnson's fourth amended request for leave to proceed *in forma pauperis* is **DISMISSED** for lack of jurisdiction; and,

Spivey-Johnson's renewed motion for appointment of counsel is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2006.

                                              **BY THE COURT**

                                              **s/ Rudolph T.Randa**
                                              **Hon. Rudolph T. Randa**
                                              **Chief Judge**